UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | Criminal No. 2:10-cr-200-DBH |
| | ) | |
| TREZJUAN THOMPSON | ) | |

**PROSECUTION VERSION**

**COUNT ONE**
**Conspiracy to Distribute**
**and Possess with Intent to Distribute Cocaine Base**

If the United States were to proceed to trial in this case, it would prove that from about November 2008 until about November 24, 2009, a conspiracy existed among Trezjuan Thompson (hereinafter "Defendant"), Kristin Coolidge, and others, the purpose of which was to distribute cocaine base, also known as crack cocaine, in the Lewiston-Auburn, Maine area.

Specifically, the evidence would show that Defendant was a crack cocaine dealer who regularly obtained distributable amounts of cocaine base from, among others, Shareef Nash of Buxton, Maine. The evidence would further show that during this particular year, Coolidge was the live-in girlfriend of Defenadnt who regularly sold crack cocaine to several customers for him. Some of Coolidge's drug trafficking occurred while Defendant was incarcerated. During the periods when Defendant was incarcerated, he would arrange for Coolidge to receive the illegal drugs from his sources in Maine and Massachusetts.

The evidence would include testimony of several cooperating witnesses and audio recordings of conversations between Defendant and Coolidge, as well as between Defendant and others, in which they regularly discussed the details of Defendant's drug business while he was incarcerated. Specifically, Defendant can be heard communicating with Thompson regarding her cocaine base possession and distribution. During these calls, Defendant can be heard

reporting to Thompson the activities she has performed for the benefit of his drug trafficking business, such as distributing drugs and collecting debts, and traveling to Fitchburg, Massachusetts for the purpose of obtaining more crack cocaine.

The evidence, taken together, would prove that Defendant knowingly and intentionally conspired with Coolidge and others to distribute and possess with intent to distribute 28 grams or more of cocaine base.

**COUNT THREE**
**Malicious Damage or Destruction of**
**Personal Property Used in Interstate Commerce by Fire**

If the United States were to proceed to trial in this case, it would prove that Defendant maliciously damaged property used in interstate commerce by fire on November 23-34, 2009.

At approximately 12:46am on the morning of November 24, 2009, a fire was reported at the Academy Street rental apartment of Coolidge in Auburn, Maine. Defendant and Coolidge previously resided together at the apartment before his incarceration. At the time of the fire, Defendant was subject to a protection from abuse order, issued by the Maine District Court in Lewiston, Maine on behalf of Coolidge, which prohibited him from having direct or indirect contact with her. An investigation of the fire by the Auburn Police Department (APD) and the Maine State Fire Marshal's Office revealed that, in violation of the protection order, Defendant contacted Coolidge via telephone numerous times throughout the day and night of November 23, 2009 in an effort to get her to meet him at the Academy Street residence. When Coolidge refused, Defendant purchased a gasoline can and gasoline at a local convenience store and obtained a ride to the Academy Street apartment. Defendant then entered the apartment without permission from Coolidge and poured gasoline in all of the rooms of the apartment, except those which belonged to Coolidge's two minor children. Defendant then lit the gasoline on fire and

burned the apartment down.  Collateral damage was also done to adjacent apartments in the building.

At the time of the fire, the Academy Street apartment building was owned by an individual who did not reside in the building and who rented the entire building out to tenants. The particular apartment in which Coolidge resided was subject to a lease between Coolidge and the landlord of the apartment building.  Accordingly, the rental property was used in an activity affecting interstate commerce pursuant to 18 U.S.C 844(i).

## COUNT FIVE
### Conspiracy to Distribute
### and Possess with Intent to Distribute Cocaine Base

If the United States were to proceed to trial in this case, it would prove from about November 24, 2009 until about February 16, 2010, a conspiracy existed among Defendant and Nicole Lambert, Lindsey Mercier, and others, the purpose of which was to distribute cocaine base, also known as crack cocaine, in the Lewiston-Auburn area.

Specifically, the evidence would show that Defendant was a crack cocaine dealer who became incarcerated on November 24, 2009.  The evidence would further show his incarceration, Lambert, Mercier and others regularly sold crack cocaine to several customers for Defendant. While incarcerated, Defendant would arrange for Lambert and Mercier to receive the illegal drugs from his sources in Massachusetts.

The evidence would include testimony of several cooperating witnesses and audio recordings of conversations between Defendant and his co-conspirators, in which they regularly discussed the details of Defendant's drug business while he was incarcerated.  Specifically, Defendant can be heard communicating with his co-conspirators regarding their cocaine base possession and distribution.  During these calls, the co-conspirators can be heard reporting the

drug trafficking activities performed for the benefit of Defendant's drug trafficking business, such as distributing drugs and collecting debts, and traveling to Massachusetts for the purpose of obtaining more crack cocaine.

The evidence, taken together, would prove that Defendant knowingly and intentionally conspired with others known and unknown to distribute and possess with intent to distribute 28 grams or more of cocaine base.

Dated:  May 27, 2011                                      /s/ Darcie N. McElwee
                                                          Assistant United States Attorney

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 27, 2011, I electronically filed the Prosecution Version with the Clerk of Court using the CM/ECF system which will send notification of such filing(s) to the following:

            J. Hilary Billings, Esq.
            Assistant Federal Defender
            P.O. Box 595
            Portland, Maine 04012-0595
            207-553-7070
            J.Hilary.Billings@fd.org

                              Richard W. Murphy
                              Attorney for the United States
                              Acting Under Authority Conferred by
                              28 U.S.C. § 515

                              /s/ Darcie N. McElwee
                              Assistant U.S. Attorney
                              100 Middle Street
                              Portland, ME 04101
                              (207) 771-3227
                              darcie.mcelwee@usdoj.gov