```
 1                UNITED STATES DISTRICT COURT

 2                     DISTRICT OF MAINE

 3    _____

 4    UNITED STATES OF AMERICA,         CRIMINAL ACTION

 5             Plaintiff        Docket No:2:10-cr-200-DBH-1

 6

 7         -versus-

 8

 9    TREZJUAN THOMPSON,

10             Defendant
      _____
11
                    Transcript of Proceedings
12

13    Pursuant to notice, the above-entitled matter came on
      for Rule 11 Proceeding held before THE HONORABLE D.
14    BROCK HORNBY, United States District Judge, in the
      United States District Court, Edward T. Gignoux
15    Courthouse, 156 Federal Street, Portland, Maine on the
      31st day of May, 2011 at 11:46 a.m. as follows:
16
      Appearances:
17    For the Government:  Darcie N. McElwee, Esquire
                           Assistant United States Attorney
18
      For the Defendant:   J. Hillary Billings, Esquire
19                         Assistant Federal Defender

20

21

22

23              Dennis R. Ford
             Official Court Reporter
24
         (Prepared from manual stenography and
25            computer aided transcription)
```

```
11:32:14   1              (Open court.  Defendant present)
11:46:08   2              THE COURT:  Good morning.
11:46:09   3              MS. MCELWEE:  Good morning, Your Honor.
11:46:11   4              THE COURT:  This is criminal number 10-200,
11:46:16   5    United States versus Trezjuan Thompson and I understand
11:46:20   6    the matter is on this morning for a change of plea to
11:46:24   7    Counts 1, 3 and 5 of the indictment.
11:46:29   8         Ms. McElwee, have necessary victims been notified?
11:46:32   9              MS. MCELWEE:  They have, Your Honor.
11:46:33  10              THE COURT:  And are there any here to be
11:46:36  11    heard?
11:46:36  12              MS. MCELWEE:  No.
11:46:37  13              THE COURT:  Mr. Billings, I hope you're
11:46:39  14    feeling all right.  I understand you were not well this
11:46:42  15    weekend.  Are you ready to proceed?
11:46:43  16              MR. BILLINGS:  I am ready.
11:46:44  17              THE COURT:  Thank you.  Would you and your
11:46:45  18    client please stand.  Are you Trezjuan Thompson, the
11:46:50  19    person named as a defendant in this indictment?
11:46:52  20              THE DEFENDANT:  Yes, sir.
11:46:53  21              THE COURT:  Would you pull that microphone
11:46:54  22    closer so we can all hear you, please.  Thank you.  How
11:46:57  23    far did you go in school, sir?
11:46:58  24              THE DEFENDANT:  9th grade.
11:46:59  25              THE COURT:  Have you recently been seeing any
```

| | | |
|---|---|---|
| 11:47:01 | 1 | doctor or psychiatrist? |
| 11:47:02 | 2 | THE DEFENDANT:  No, sir. |
| 11:47:03 | 3 | THE COURT:  Are you currently taking any |
| 11:47:04 | 4 | medicines? |
| 11:47:05 | 5 | THE DEFENDANT:  No, sir. |
| 11:47:05 | 6 | THE COURT:  Have you used any drug or alcohol |
| 11:47:08 | 7 | in the last 24 hours? |
| 11:47:09 | 8 | THE DEFENDANT:  No, sir. |
| 11:47:10 | 9 | THE COURT:  Do you feel you understand what's |
| 11:47:12 | 10 | happening in these proceedings? |
| 11:47:13 | 11 | THE DEFENDANT:  Yes, sir. |
| 11:47:14 | 12 | THE COURT:  Has your lawyer explained to you |
| 11:47:16 | 13 | the consequences that may flow from these proceedings? |
| 11:47:18 | 14 | THE DEFENDANT:  Yes, sir. |
| 11:47:19 | 15 | THE COURT:  Do you authorize your lawyer, |
| 11:47:22 | 16 | Attorney Hilary Billings, to speak for you? |
| 11:47:25 | 17 | THE DEFENDANT:  Yes, sir. |
| 11:47:25 | 18 | THE COURT:  I understand you want to change |
| 11:47:26 | 19 | your plea to Counts 1, 3 and 5 of the indictment; is |
| 11:47:31 | 20 | that correct? |
| 11:47:31 | 21 | THE DEFENDANT:  Yes, sir. |
| 11:47:32 | 22 | THE COURT:  Mr. Billings, do you approve of |
| 11:47:33 | 23 | the change of plea and recommend that I accept it? |
| 11:47:35 | 24 | MR. BILLINGS:  Yes, I do. |
| 11:47:36 | 25 | THE COURT:  The clerk may proceed. |

11:47:37  1              THE CLERK:  Trezjuan Thompson, on
11:47:41  2  December 22nd, 2010, you entered a plea of not guilty
11:47:43  3  to Counts 1 through 6 of the indictment bearing
11:47:47  4  criminal number 10-cr-200-DBH.  How do you now plead to
11:47:52  5  Counts 1, 3 and 5 of the indictment; do you plead
11:47:55  6  guilty or not guilty?
11:47:58  7              THE DEFENDANT:  I plead guilty.
11:48:00  8              THE CLERK:  The defendant pleads guilty, Your
11:48:01  9  Honor.
11:48:01 10              THE COURT:  Thank you.  Mr. Thompson, the
11:48:04 11  hearing this morning then is for me to decide whether
11:48:07 12  to accept your guilty plea.  Before I can do that, I
11:48:10 13  have to be satisfied that you're acting voluntarily and
11:48:13 14  intelligently, that you understand the rights that
11:48:15 15  you're giving up by pleading guilty and that there is a
11:48:18 16  factual basis for your guilty plea so I need to ask
11:48:21 17  questions of you and your lawyer.
11:48:23 18       Anytime you don't understand a question, don't try
11:48:26 19  to answer me.  Tell me you don't understand the
11:48:28 20  question and I'll reword it.  Anytime you want to talk
11:48:31 21  to your lawyer, don't answer my question.  Tell me you
11:48:35 22  want to talk to your lawyer and I'll let you do that.
11:48:37 23       First of all, sir, have you pleaded guilty to
11:48:41 24  Counts 1, 3 and 5 because you actually committed those
11:48:44 25  three crimes?

| | | |
|---|---|---|
| 11:48:47 | 1 | THE DEFENDANT: Yes, sir. |
| 11:48:48 | 2 | THE COURT: Mr. Billings, are you satisfied |
| 11:48:50 | 3 | the defendant pleaded guilty because he is actually |
| 11:48:52 | 4 | guilty? |
| 11:48:52 | 5 | MR. BILLINGS: Yes, I am, Your Honor. |
| 11:48:54 | 6 | THE COURT: Mr. Thompson, did you receive a |
| 11:48:55 | 7 | copy of the indictment? |
| 11:48:57 | 8 | THE DEFENDANT: Yes, sir, I did. |
| 11:48:58 | 9 | THE COURT: Did you have enough time to |
| 11:48:59 | 10 | discuss the charges with your lawyer? |
| 11:49:01 | 11 | THE DEFENDANT: Yes, I did. |
| 11:49:03 | 12 | THE COURT: Did your lawyer explain to you the |
| 11:49:06 | 13 | elements and nature of the charged offenses as well as |
| 11:49:08 | 14 | the penalties that can be imposed? |
| 11:49:11 | 15 | THE DEFENDANT: Yes, he did. |
| 11:49:11 | 16 | THE COURT: Mr. Billings, are you satisfied |
| 11:49:13 | 17 | that Mr. Thompson understands the charges and the |
| 11:49:16 | 18 | penalties? |
| 11:49:16 | 19 | MR. BILLINGS: Yes, I am, Your Honor. |
| 11:49:17 | 20 | THE COURT: Mr. Thompson, you're charged in a |
| 11:49:21 | 21 | six count indictment. You're pleading guilty to |
| 11:49:24 | 22 | Counts 1, 3 and 5 so I'm going to go over those with |
| 11:49:27 | 23 | you now. |
| 11:49:27 | 24 | Count 1 charges that from at least November 2008 |
| 11:49:31 | 25 | until about November 24, 2009, that you intentionally |

```
11:49:37   1   conspired with others to distribute or to possess with
11:49:40   2   intent to distribute five grams or more of cocaine
11:49:44   3   base, also known as crack.
11:49:48   4         Count 3 charges that on or about November 23 and
11:49:51   5   24, 2009, that you maliciously damaged property by fire
11:49:56   6   or attempted to do so, specifically a rental apartment
11:50:01   7   building at 48 Academy Street in Auburn, Maine, then
11:50:05   8   being used in interstate commerce or engaged in
11:50:08   9   activity affecting interstate commerce.
11:50:11  10         Count 5 charges that from at least November 24,
11:50:16  11   2009, until about February, 2010, that you conspired
11:50:20  12   with others to distribute or to possess with intent to
11:50:23  13   distribute five grams or more of cocaine base in
11:50:27  14   violation of federal law.
11:50:29  15         Do you understand these three charges?
11:50:31  16            THE DEFENDANT:  Yes, sir.
11:50:32  17            THE COURT:  And the Government has also filed
11:50:36  18   an information charging a prior conviction of a felony
11:50:43  19   drug offense in Androscoggin County Superior Court in
11:50:47  20   Auburn, Maine, entered on March 1, 2007, which will
11:50:56  21   affect the penalties.  Do you understand that that
11:50:58  22   information has been charged?
11:51:00  23            THE DEFENDANT:  Yes, sir.
11:51:01  24            THE COURT:  By pleading guilty to these
11:51:03  25   crimes, let me talk, first of all, about the penalty on
```

```
11:51:06   1    Count 3.  On Count 3, you're subject to time in prison
11:51:12   2    of no less than five years and as much as 20 years and
11:51:16   3    a $250,000 fine.  Following any time in prison, a
11:51:24   4    period of supervised release of up to three years and
11:51:25   5    if you should violate any of the terms of that
11:51:27   6    supervised release, you could be put back into prison
11:51:29   7    for up to two additional years and you may be required
11:51:33   8    by court order to pay full restitution to any victims
11:51:37   9    of that offense.
11:51:39  10         Counsel, for the other counts, I assume I should
11:51:42  11    warn the defendant in light of the larger penalties
11:51:45  12    while Douglas is on appeal?
11:51:45  13              MS. MCELWEE:  Yes, Your Honor, that would be
11:51:47  14    great.  We had discussed those options and we are both
11:51:51  15    of the understanding and view that if for some reason
11:51:56  16    Douglas was remanded, that the defendant would not be
11:51:58  17    able to withdraw his guilty plea because of the way the
11:52:00  18    prosecution version has been entered.  The indictment
11:52:03  19    says five grams, but we've put 28 in the prosecution
11:52:05  20    version, but I think it's appropriate for you to warn
11:52:08  21    him about that.
11:52:09  22              MR. BILLINGS:  Your Honor, I think it's five
11:52:12  23    or more than 40 on Count 1 and 5, but not five or more
11:52:19  24    as to Count --
11:52:19  25              THE COURT:  But with the previous conviction,
```

```
11:52:21   1    would it be ten --
11:52:22   2              MR. BILLINGS:  Yes.
11:52:24   3              THE COURT:  -- up to life?
11:52:25   4              MS. MCELWEE:  That's right, Your Honor.
11:52:26   5              MR. BILLINGS:  Yes.
11:52:27   6              THE COURT:  Mr. Thompson, what I've just been
11:52:29   7    discussing with the lawyers is that there was a new law
11:52:33   8    for crack cocaine passed last year called the Fair
11:52:37   9    Sentencing Act and there is some disagreement as to
11:52:40  10    whether it applies to people who committed the conduct
11:52:43  11    before it went into effect and are being sentenced
11:52:45  12    thereafter, your situation.
11:52:47  13         I'm going to warn you about the larger penalties
11:52:50  14    because right now there is a case on appeal to the 1st
11:52:53  15    Circuit that will decide whether people like you get
11:52:55  16    the advantage of the new lower penalties or have to pay
11:52:59  17    the higher penalties.
11:53:01  18         So by pleading guilty to Counts 1 and 5, in light
11:53:06  19    of the information that's been filed, on each of those
11:53:10  20    counts you're subject to time in prison of no less than
11:53:14  21    ten years and as much as life.  Following any time in
11:53:19  22    prison, you're subject to a period of supervised
11:53:22  23    release of at least eight years and as much as life and
11:53:25  24    if you should violate any of the terms of that
11:53:27  25    supervised release, you could be put back into prison
```

```
11:53:31   1   for up to three additional years?
11:53:33   2            MS. MCELWEE:  That's correct, Your Honor.
11:53:34   3            THE COURT:  Three additional years and I think
11:53:37   4   I did not say this, you're also subject to payment of
11:53:41   5   the mandatory penalty of $100 on each of the three
11:53:44   6   counts.
11:53:45   7       Have I summarized the penalties accurately?
11:53:48   8            MS. MCELWEE:  Yes, Your Honor.  Thank you.
11:53:49   9            MR. BILLINGS:  Yes.  Fine with us too, Your
11:53:50  10   Honor.
11:53:50  11            THE COURT:  Do you understand those penalties,
11:53:51  12   Mr. Thompson?
11:53:52  13            THE DEFENDANT:  Yes.
11:53:53  14            THE COURT:  Do you understand that you have
11:53:55  15   the right to continue to plead not guilty to any or all
11:53:59  16   of these charges?
11:54:00  17            THE DEFENDANT:  Yes, sir.
11:54:00  18            THE COURT:  You have the right to a trial by
11:54:03  19   jury, the right to the assistance of your lawyer at
11:54:07  20   such a trial.  If you cannot afford a lawyer, you have
11:54:10  21   the right to have a lawyer appointed for you at
11:54:12  22   Government expense; do you understand?
11:54:15  23            THE DEFENDANT:  Yes, sir.
11:54:16  24            THE COURT:  At a trial, you would not have to
11:54:18  25   prove that you're innocent, you would be presumed
```

| | | |
|---|---|---|
| 11:54:20 | 1 | innocent.  The Government would have to prove you |
| 11:54:22 | 2 | guilty beyond a reasonable doubt; do you understand? |
| 11:54:26 | 3 | THE DEFENDANT:  Yes, sir. |
| 11:54:27 | 4 | THE COURT:  At a trial, the Government |
| 11:54:29 | 5 | witnesses would have to come into open court and |
| 11:54:32 | 6 | testify in front of you and your lawyer.  Your lawyer |
| 11:54:35 | 7 | would have the opportunity to cross-examine those |
| 11:54:37 | 8 | witnesses, to object to evidence the Government |
| 11:54:42 | 9 | offered, to offer evidence favorable to you and to |
| 11:54:45 | 10 | compel witnesses to come to court; do you understand? |
| 11:54:48 | 11 | THE DEFENDANT:  Yes, sir. |
| 11:54:48 | 12 | THE COURT:  At a trial, you would have the |
| 11:54:51 | 13 | right to testify if you wanted to, but you would also |
| 11:54:54 | 14 | have the right not to testify and you could not be |
| 11:54:56 | 15 | required to testify at a trial.  If you chose not to |
| 11:55:01 | 16 | testify, I would instruct the jury that they could draw |
| 11:55:03 | 17 | no inference or suggestion of guilt from the fact that |
| 11:55:07 | 18 | you chose not to testify; do you understand? |
| 11:55:09 | 19 | THE DEFENDANT:  Yes, sir. |
| 11:55:10 | 20 | THE COURT:  If I accept your guilty plea, |
| 11:55:13 | 21 | you'll have given up your right to a trial and all the |
| 11:55:15 | 22 | other rights I just described to you and there will be |
| 11:55:18 | 23 | no trial of any kind on these charges; do you |
| 11:55:20 | 24 | understand? |
| 11:55:21 | 25 | THE DEFENDANT:  Yes, sir. |

11:55:22  1          THE COURT:  I will proceed to enter a judgment
11:55:24  2   of guilty and I will sentence you on the basis of your
11:55:27  3   guilty plea and if all of that happens, you'll have
11:55:31  4   virtually no right of appeal from your conviction; do
11:55:34  5   you understand?
11:55:39  6          (Discussion off the record between the
11:55:45  7   defendant and counsel).
11:55:45  8          MR. BILLINGS:  There is no waiver of appeal,
11:55:47  9   Your Honor, since there's no agreement.
11:55:49 10          THE COURT:  I'm talking about the conviction.
11:55:52 11          (Discussion off the record between the
11:55:54 12   defendant and counsel)
11:55:54 13          THE DEFENDANT:  Yes, sir.
11:55:54 14          THE COURT:  Let's just be clear on that.  What
11:55:56 15   Mr. Billings is referring to, I'm going to talk to you
11:55:59 16   in a while that you'll have a right to appeal your
11:56:02 17   sentence, but you won't have the right to appeal your
11:56:03 18   conviction; do you understand?
11:56:04 19          THE DEFENDANT:  Yes, sir.
11:56:05 20          THE COURT:  By pleading guilty, you also give
11:56:08 21   up your right not to incriminate yourself, at least to
11:56:12 22   the extent of the questions that I ask you this morning
11:56:14 23   about your conduct that gave rise to these charges.
11:56:17 24       You must answer those questions truthfully.  I'm
11:56:20 25   going to take your answers as true and act accordingly;

| | | |
|---|---|---|
| 11:56:23 | 1 | do you understand? |
| 11:56:24 | 2 | THE DEFENDANT: Yes, sir. |
| 11:56:25 | 3 | THE COURT: In light of all that I've just |
| 11:56:26 | 4 | explained to you, do you still choose to plead guilty |
| 11:56:29 | 5 | to Counts 1, 3 and 5 of the indictment? |
| 11:56:34 | 6 | THE DEFENDANT: Yes, sir. |
| 11:56:36 | 7 | THE COURT: I'm looking now at a document |
| 11:56:37 | 8 | labeled prosecution version signed by Assistant U.S. |
| 11:56:40 | 9 | Attorney McElwee dated May 27, 2011. Ms. McElwee, is |
| 11:56:46 | 10 | this the evidence the Government would produce if the |
| 11:56:47 | 11 | matter did proceed to trial? |
| 11:56:48 | 12 | MS. MCELWEE: Yes, it is, Your Honor. |
| 11:56:49 | 13 | THE COURT: Thank you. Mr. Billings, have you |
| 11:56:52 | 14 | read and discussed the prosecution version with Mr. |
| 11:56:54 | 15 | Thompson? |
| 11:56:54 | 16 | MR. BILLINGS: Yes, I have, Your Honor. |
| 11:56:55 | 17 | THE COURT: Are you satisfied that the |
| 11:56:56 | 18 | Government can, in fact, produce the evidence contained |
| 11:56:59 | 19 | in that document? |
| 11:57:00 | 20 | MR. BILLINGS: Yes, I am. |
| 11:57:01 | 21 | THE COURT: Are you satisfied that the |
| 11:57:02 | 22 | admissible part of that evidence would let a properly |
| 11:57:06 | 23 | instructed jury find beyond a reasonable doubt that the |
| 11:57:08 | 24 | defendant is guilty of Counts 1, 3 and 5? |
| 11:57:11 | 25 | MR. BILLINGS: Yes. |

11:57:12   1          THE COURT:  Mr. Thompson, have you read the
11:57:13   2   prosecution version and discussed it with your lawyer?
11:57:16   3          THE DEFENDANT:  Yes, I have.
11:57:18   4          THE COURT:  Is there anything at all in that
11:57:19   5   document that you disagree with?
11:57:20   6          THE DEFENDANT:  No, sir.
11:57:21   7          THE COURT:  Is the information given me there
11:57:24   8   true to your own personal knowledge?
11:57:25   9          THE DEFENDANT:  Yes, sir.
11:57:26  10          THE COURT:  I read that document before I came
11:57:29  11   into the courtroom.  I find now that there is a factual
11:57:32  12   basis for the guilty plea to each of Counts 1, 3 and 5
11:57:36  13   of the indictment.  The prosecution version is admitted
11:57:39  14   as a court exhibit for purposes of this Rule 11
11:57:43  15   hearing.
11:57:43  16      Mr. Thompson, has anybody threatened you or tried
11:57:46  17   to force you in anyway to plead guilty?
11:57:48  18          THE DEFENDANT:  No, sir.
11:57:48  19          THE COURT:  Do you have any plea agreement,
11:57:51  20   written or verbal, with the prosecution or any
11:57:54  21   agreement about your sentence or about other charges?
11:57:56  22          THE DEFENDANT:  No, sir.
11:57:56  23          THE COURT:  The authority to determine the
11:57:59  24   sentence in this case rests with me as the judge, Mr.
11:58:03  25   Thompson.  I'll listen carefully to recommendations

from the prosecutor, from your lawyer, from you if you wish to speak to me, but none of those recommendations are binding on me and if the sentence turns out to be more severe than you hoped for, you'll still be bound by your guilty plea and have no right to withdraw it; do you understand?

THE DEFENDANT: Yes, sir.

THE COURT: There are advisory Sentencing Commission Guidelines that will have an impact on your sentence. I have an obligation to calculate the guideline range, to consider that range, to consider possible departures under the guidelines and to consider other factors that are listed in the federal statute. Have you and your lawyer talked about how those various issues may affect your sentence?

THE DEFENDANT: Yes, sir.

THE COURT: I cannot determine what sentence the guidelines produce until I read a presentence report that the probation office will prepare and then I'll give your lawyer and the prosecutor an opportunity to challenge the facts the probation office reports.

Once I determine what guideline applies to your case, there still may be circumstances where I do not follow the guideline, but instead impose a sentence that's more severe or less severe than what the

```
11:59:15   1   guideline calls for; do you understand?
11:59:17   2           THE DEFENDANT:  Yes, sir.
11:59:18   3           THE COURT:  And you and the Government will
11:59:20   4   have the right to appeal the sentence that I impose.
11:59:23   5      Now, you'll be required to actually serve in a
11:59:26   6   jail or prison all of any imprisonment term that I
11:59:29   7   impose, except for good time deductions.  You'll not be
11:59:32   8   permitted to serve any part of it on parole; do you
11:59:35   9   understand?
11:59:35  10           THE DEFENDANT:  Yes, sir.
11:59:36  11           THE COURT:  Has anyone made any promise to you
11:59:39  12   to get you to plead guilty?
11:59:40  13           THE DEFENDANT:  No.
11:59:41  14           THE COURT:  Has anyone made any promise to you
11:59:43  15   as to what kind of sentence I'll impose?
11:59:46  16           THE DEFENDANT:  No.
11:59:47  17           THE COURT:  Has anyone made any promise to you
11:59:49  18   as to what the prosecutor's sentencing recommendation
11:59:52  19   is going to be?
11:59:53  20           THE DEFENDANT:  No.
11:59:53  21           THE COURT:  I ask you finally then, do you
11:59:56  22   still want to plead guilty to Counts 1, 3 and 5 of the
12:00:00  23   indictment?
12:00:05  24           THE DEFENDANT:  Yes, sir.
12:00:06  25           THE COURT:  Mr. Billings, do you as Mr.
```

```
12:00:08   1   Thompson's lawyer still recommend that I accept his
12:00:10   2   guilty plea?
12:00:10   3           MR. BILLINGS:  Yes, I do, Your Honor.
12:00:11   4           THE COURT:  Mr. Thompson, I've observed you,
12:00:13   5   your demeanor and attitude throughout these proceedings
12:00:16   6   and find that you're not under the influence of any
12:00:19   7   substance that might impair your judgment.  You
12:00:21   8   acknowledge that you are, in fact, guilty as charged in
12:00:24   9   Counts 1, 3 and 5 of the indictment.  I find that you
12:00:26  10   know of your right to a trial and the rights associated
12:00:30  11   with the right to a trial.  I further find that you
12:00:32  12   know the maximum possible punishment that must be
12:00:36  13   imposed -- that may be imposed if you're convicted, as
12:00:39  14   well as certain sentencing floors that I cannot go
12:00:41  15   below.
12:00:43  16        I find that you've not been coerced, but that you
12:00:45  17   have voluntarily and knowingly pleaded guilty to
12:00:48  18   Counts 1, 3 and 5.  I therefore now accept your guilty
12:00:52  19   plea.  I hereby order preparation of the customary
12:00:54  20   presentence report.  The probation officer is in the
12:00:57  21   jury box, Mr. Billings.  Meet with her before you leave
12:01:00  22   to arrange the first interview.
12:01:02  23        Is there anything further at this time from the
12:01:03  24   Government?
12:01:03  25           MS. MCELWEE:  No.  No, thank you, Your Honor.
```

```
12:01:05  1              THE COURT:  From the defense, Mr. Billings?
12:01:07  2              MR. BILLINGS:  No, thank you.
12:01:07  3              THE COURT:  Thank you.  We will stand in
12:01:08  4   recess.
12:01:09  5              (End of proceeding)
          6                    C E R T I F I C A T I O N
          7   I, Dennis Ford, Official Court Reporter for the United
          8   States District Court, District of Maine, certify the
          9   foregoing is a correct transcript from the record of
         10   proceedings in the above-entitled matter.
         11   Dated:  September 24, 2012
         12                    /s/  Dennis R. Ford
         13                    Official Court Reporter
```