# United States Court of Appeals
## For the First Circuit

---

No. 13-1822

UNITED STATES OF AMERICA,

Appellee,

v.

TREZJUAN THOMPSON,

Defendant, Appellant.

---

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

[Hon. D. Brock Hornby, U.S. District Judge]

---

Before

Howard, Chief Judge,
Lynch and Barron, Circuit Judges.

---

Mary Davis, with whom Tisdale & Davis, P.A. was on brief, for appellant.
Renée M. Bunker, Assistant United States Attorney, with whom Thomas E. Delahanty II, United States Attorney, was on brief, for appellee.

---

March 22, 2017

---

**PER CURIAM.** Defendant-Appellant Trezjuan Thompson pled guilty to drug conspiracy and arson charges. Before sentencing, he moved to withdraw his plea, primarily arguing that he did not have the opportunity to review personally certain discovery materials.

The district court denied Thompson's motion, United States v. Thompson, No. 2:10-cr-200-DBH, 2013 WL 1809659 (D. Me. Apr. 29, 2013), and sentenced him to 327 months' imprisonment based, in part, on its finding that Thompson was a career offender under the sentencing guidelines. See U.S.S.G. §4B1.1. One of the predicate offenses supporting Thompson's career offender designation was a 2006 Massachusetts conviction for assault and battery with a dangerous weapon ("ABDW"). See Mass. Gen. Laws ch. 265, § 15A(b). The court held that the ABDW conviction qualified as a "crime of violence" under the so-called "residual clause" of U.S.S.G. §4B1.2(a)(2).[1]

---

[1] The relevant subsection defined "crime of violence" to include an offense that "is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another." U.S.S.G. §4B1.2(a)(2) (2013) (emphasis added). The underscored language, often referred to as the residual clause, has since been stricken from the guideline. See Sentencing Guidelines for United States Courts, 81 Fed. Reg. 4741, 4742 (Jan. 27, 2016).

- 2 -

Thompson's opening brief raises only a single issue, namely, the correctness of the district court's denial of the motion to withdraw his guilty plea.[2] This challenge need not detain us long. In short, we perceive no abuse of discretion in the district court's thorough treatment of the matter. See United States v. Gates, 709 F.3d 58, 69 (1st Cir. 2013). And, contrary to his contention on appeal, Thompson was not entitled to a hearing because "[t]he district judge had everything that he needed in the paper record" to dispose of the motion. United States v. Chambers, 710 F.3d 23, 30 (1st Cir. 2013).

During the pendency of Thompson's appeal, another issue arose. The Supreme Court, in Johnson v. United States, 135 S. Ct. 2551 (2015), held that the residual clause of the Armed Career Criminal Act's ("ACCA") definition of "violent felony" was unconstitutionally vague. The district court's finding that Thompson qualified as a career offender was predicated upon the applicable guideline's identical residual clause. Thompson's opening brief, which was filed before Johnson, did not challenge any aspect of his sentence, much less argue that the residual clause was unconstitutionally vague. Thompson raised the issue

---

[2] Thompson has also filed a supplemental pro se brief. Because the claims raised therein "lack arguable merit," we decline to address them specifically. United States v. Rose, 802 F.3d 114, 117 (1st Cir. 2015).

- 3 -

for the first time in a citation of supplemental authority pursuant to Federal Rule of Appellate Procedure 28(j), requesting remand in light of Johnson.  We ordered supplemental briefing.  In response, the government conceded that Johnson invalidated the career offender guideline's residual clause, but argued that Thompson's ABDW conviction fell within the separate "elements" or "force" clause.[3]

Subsequently, in Beckles v. United States, ___ U.S ___, No. 15-8544, slip op. (Mar. 6, 2017), the Supreme Court squarely held that Johnson does not apply to the career offender guideline. This is because the sentencing guidelines, unlike the ACCA, "are not subject to a vagueness challenge under the Due Process Clause." Id. at 5.  We are not bound by the government's concession, which, while understandable before Beckles,[4] turned out to be incorrect.

---

[3] The force clause includes any offense punishable by imprisonment for more than one year that "has as an element the use, attempted use, or threatened use of physical force against the person of another."  U.S.S.G. §4B1.2(a)(1).

[4] The Supreme Court's decision in Beckles resolved a four to one circuit split on Johnson's applicability to the career offender guideline.  Four circuits had applied Johnson, while only one had declined to do so.  See United States v. Hurlburt, 835 F.3d 715, 725 (7th Cir. 2016) (applying Johnson); United States v. Pawlak, 822 F.3d 902, 911 (6th Cir. 2016) (same); United States v. Madrid, 805 F.3d 1204, 1211 (10th Cir. 2015) (same); United States v. Townsend, 638 F. App'x 172, 178 (3d Cir. 2015) (unpublished) (same).  But see United States v. Matchett, 802 F.3d 1185, 1194-95 (11th Cir. 2015) (declining to apply Johnson).  And, in the lone decision holding that Johnson did not apply, four judges dissented from the court's subsequent denial of rehearing en banc.

See United States v. Sánchez-Berríos, 424 F.3d 65, 81 (1st Cir. 2005) ("A concession by either party in a criminal case as to a legal conclusion is not binding on an appellate court."). In deciding whether to accept a concession, we consider: (1) "whether the issue is recurrent so [a] decision would give guidance to the district courts"; (2) "whether it would be unseemly to accept, even arguendo, a mistaken legal proposition and reason from it to decide the case"; and (3) "whether the issues are technical and complex and not explored carefully in existing decisions so that adversary briefing would be critical." United States v. Mescual-Cruz, 387 F.3d 1, 8 n.2 (1st Cir. 2004). Johnson's applicability to the career offender guideline has proven to be a frequently recurring issue in this circuit and, in light of Beckles, the proper resolution of this issue is crystal clear. Accordingly, we "ignore the government's concession" and "follow [the Supreme

---

See generally United States v. Matchett, 837 F.3d 1118 (11th Cir. 2016).

Moreover, prior to Beckles, several district courts in our circuit had applied Johnson to the career offender guideline. See, e.g., United States v. Flannery, No. 11-cr-79-M, 2017 WL 462145, at *1 (D.R.I. Feb. 1, 2017); United States v. Ramirez, 189 F. Supp. 3d 290, 296-97 (D. Mass. 2016); Tosi v. United States, No. 16-cv-05-GZS, 2016 WL 5107078, at *2 (D. Me. Sept. 20, 2016) (noting "growing consensus" in favor of applying Johnson); Carmona v. United States, No. 16-cv-282-LM, 2016 WL 3962897, at *2 n.1 (D.N.H. July 21, 2016) ("assum[ing] without deciding" that Johnson applied).

Court's] clear precedent."  United States v. Vega-Ortiz, 425 F.3d 20, 22 (1st Cir. 2005).[5]

For the foregoing reasons, we **AFFIRM** Thompson's convictions and sentence.

---

[5] Indeed, it is worth noting that in Beckles itself the government "agree[d] . . . that the Guidelines are subject to vagueness challenges."  No. 15-8544, slip op. at 4.  This concession did not prevent the Court from holding to the contrary.