UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| TREZJUAN THOMPSON, | ) | |
|---|---|---|
| Petitioner, | ) ) | |
| | ) | 2:10-cr-00200-DBH |
| v. | ) | 2:18-cv-00132-DBH |
| | ) ) | |
| UNITED STATES OF AMERICA, | ) ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Trezjuan Thompson moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 128.) Following a guilty plea, Petitioner was convicted of drug conspiracy and arson; the Court sentenced Petitioner to a total term of 327 months in prison. (Judgment, ECF No. 106 at 1-2.) The First Circuit affirmed the conviction and the sentence. *United States v. Thompson*, 851 F.3d 129, 132 (1st Cir. 2017) (per curiam).

Petitioner claims he received ineffective assistance of counsel at the plea stage and at sentencing, and he challenges both the statutory penalty range and his career offender sentence. (Motion at 4-5, 22; Reply, ECF No. 151 at 2.)

Following a review of the record and after consideration of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

In May 2011, following a hearing conducted pursuant to Federal Rule of Criminal Procedure 11, Petitioner pled guilty to two counts of conspiracy to distribute and possess with intent to distribute five or more grams of cocaine base, 21 U.S.C. § 841(a)(1), (b)(1)(B), § 846 (Counts 1 and 5 of the indictment), and to one count of malicious damage or destruction of personal property used in interstate commerce by fire, 18 U.S.C. § 844(i) (Count 3 of the indictment). (Indictment, ECF No. 1 at 1-3; Plea Tr., ECF No. 50 at 1; Judgment at 1.)

At the plea hearing,[1] the Court explained to Petitioner that the Government had filed an information charging a prior conviction, and that the prior conviction would affect the penalty. (Plea Tr. at 6.) The information alleged a 2007 Maine state court conviction of unlawful trafficking of scheduled drugs.[2] (Information, ECF No. 17 at 1.) The Court explained that given the prior felony drug offense, Petitioner would be subject to a mandatory minimum term of ten years in prison and a maximum term of life, if new lower penalties under the Fair Sentencing Act did not apply to defendants who, like Petitioner,

---

[1] Three attorneys represented Petitioner sequentially over the course of the case; the motion to withdraw of Petitioner's first attorney was granted in November 2011 after Petitioner's May 2011 plea hearing (Oral Order, ECF No. 37), and the motion to withdraw of Petitioner's second attorney was granted in April 2012, before Petitioner's December 2012 motion to withdraw the plea. (Oral Order, ECF No. 44.)

[2] The Government attached to its response to Petitioner's 28 U.S.C. § 2255 motion a copy of the state court judgment and commitment. (*State v. Thompson*, No. CR-06-928 (Sup. Ct. Androscoggin Cnty, March 13, 2007)); the statute of conviction was 17-A M.R.S. § 1103 (Class B). (Attachment, ECF No. 139-3.)

committed the conduct before the new law went into effect but were sentenced after the effective date of the law.³ (Plea Tr. at 8.)

In the plea colloquy, in response to the Court's inquiry, Petitioner stated that he did not disagree with a prosecution version that alleged a drug quantity of 28 grams or more of cocaine base; thus, Petitioner admitted at the plea hearing a drug quantity larger than the five grams (*i.e.*, more than alleged in the indictment). (*Id.* at 13; Prosecution Version, ECF No. 23 at 2.)

In December 2012, Petitioner moved to withdraw his guilty plea. (Motion, ECF No. 57.) In April 2013, the Court denied the motion. (Memorandum Decision and Order, ECF No. 76.) *United States v. Thompson*, 2013 WL 1809659, 2013 U.S. Dist. Lexis 60427 (D. Me. Apr. 29, 2013).

In June 2013, at sentencing, Petitioner admitted he had the prior drug conviction alleged in the information to establish prior convictions. (Sentencing Tr., ECF No. 119 at 2-3.) The Court found Petitioner was a career offender under USSG § 4B1.1, based on two prior convictions, as set forth in the second revised presentence investigation report.

---

³ The Court and the attorneys noted that the issue (i.e., whether the Fair Sentencing Act applied where the conduct occurred before, but sentencing occurred after, the new law went into effect) was then pending before the First Circuit in *United States v. Douglas*, 644 F.3d 39 (1ˢᵗ Cir. 2011). (Plea Tr., ECF No. 50 at 7.) Counsel noted the statutory range would be from five to 40 years if the Fair Sentencing Act did not apply and−as the Court noted−if Petitioner had not had the prior conviction charged in the information. (Plea Tr. at 7-8.)

On the same day as Petitioner's plea hearing, the First Circuit in *Douglas* affirmed the district court's ruling "that the reduced mandatory minimums adopted by the Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (the 'FSA'), governed Douglas' sentence." *See Douglas*, 644 F.3d at 40. After the First Circuit's decision in *Douglas*, the Supreme Court concluded "that Congress intended the Fair Sentencing Act's new, lower mandatory minimums to apply to the post-Act sentencing of pre-Act offenders." *Dorsey v. United States*, 567 U.S. 260, 281 (2012).

(*Id.* at 44; Report, ¶¶ 43, 44.) One of two prior offenses on which Petitioner's career offender status was based was the 2007 Maine drug conviction alleged in the information; the other prior offense was a 2006 Massachusetts conviction of assault and battery with a dangerous weapon. (Sentencing Tr. at 44; Information, ECF No. 17; Report, ¶¶ 43, 44.)

The Court found two alternative total offense levels−34 or 37−pursuant to USSG § 4B1.1(b), depending on whether the Supreme Court's decisions in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), precluded the reliance on Petitioner's admission of the higher drug quantity alleged in the prosecution version, and thus reduced the statutory maximum.[4] (Sentencing Tr.,

---

[4] In the Court's statement of reasons, the Court explained the effect of both the Fair Sentencing Act and the Supreme Court decisions in *Alleyne v. United States*, 570 U.S. 99 (2013), and *Apprendi v. New Jersey*, 530 U.S. 466 (2000), on the sentence. (Statement of Reasons, ECF No. 107 at 5.) The Court stated:

> Defense counsel argued that under [*Alleyne* and *Apprendi*], Thompson could not be subjected to elevated penalties under [21 U.S.C.] § 841(b)(1)(B) because the Indictment (ECF No. 1) did not charge the requisite drug quantity. Although the Indictment specifies a § 841(b)(1)(B) penalty, it alleges only 5 grams or more of cocaine base, since it was handed down on December 15, 2010, before the Supreme Court decided that the Fair Sentencing Act applied to defendants whose criminal conduct occurred before its effective date but had not yet been sentenced, see [*Dorsey*]. Five grams no longer justifies a [21 U.S.C.] § 841(b)(1)(B) penalty but only a (b)(1)(C) penalty, with a statutory maximum of 30 years given a [21 U.S.C.] § 851 information. At his guilty plea, however, the defendant did admit to a prosecution version that alleged he was responsible for 28 grams or more of cocaine base. . . . Because of the uncertainty over whether the Indictment must specify the necessary quantity or whether it is sufficient that the defendant later admit to sufficient quantity for the enhanced penalty, I made alternate findings. If it is a (b)(1)(C) offense, then the Total Offense Level is 34 and the Guideline range is 262-327 months. If it is a (b)(1)(B) offense, then the Total Offense Level is 37 and the Guideline range is 360 months to life. My sentence of 327 months is within the former range but is a variant sentence if it is the latter range. The variant sentence is justified on the basis of the defendant's severely troubled childhood and upbringing. It still recognizes the seriousness of the offense, adequate deterrence, just punishment, protection of the public, avoiding disparity and all the other § 3553(a) factors and is sufficient but not greater than necessary to recognize them.

*Id.*

ECF No. 119 at 45-47; Statement of Reasons, ECF No. 107 at 1, 5.) The Court found the criminal history to be Category VI. (Sentencing Tr. at 47.) After considering the 18 U.S.C. § 3553(a) sentencing factors, the Court imposed a prison term of 327 months.[5] (*Id.* at 48-52.)

On appeal, the First Circuit affirmed the Court's denial of Petitioner's motion to withdraw the plea; the First Circuit rejected Petitioner's argument "that he did not have the opportunity to review personally certain discovery materials." *Thompson*, 851 F.3d at 130. The First Circuit also concluded that Petitioner's additional argument, a challenge to his career offender status and particularly to his prior Massachusetts conviction, raised during the pendency of the appeal and based on *Johnson v. United States*, --- U.S ---, 135 S. Ct. 2551, 2557 (2015) (holding the "residual clause" of the Armed Career Criminal Act, 18 U.S.C. § 924(e) (ACCA), *i.e.*, section 924(e)(2)(B), is unconstitutionally vague), was precluded by the Supreme Court's subsequent decision in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017) (holding "the advisory Guidelines are not subject to vagueness challenges under the Due Process Clause"). The First Circuit also rejected Petitioner's arguments asserted in a supplemental pro se brief. *Thompson*, 851 F.3d 130 n.2 (concluding the pro se claims lacked merit, and declining to address them specifically).

---

[5] The Court sentenced Petitioner to a term of 327 months on the drug charges (Counts 1 and 5), and to a concurrent term of 240 months on the arson charge (Count 3). (Judgment, ECF No. 106 at 2.) The Court dismissed Counts 2, 4, and 6 of the indictment on the Government's motion. (*Id.* at 1.)

5

Petitioner filed the section 2255 motion on March 26, 2018.[6] (Motion at 1.)

## II. DISCUSSION

**A. Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; or (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

---

[6] Petitioner's initially-filed 28 U.S.C. § 2255 motion did not comply with Rule 2 of the Rules Governing Section 2255 motions, because Petitioner did not sign it under penalty of perjury. Petitioner subsequently complied with the Court's order to file a signed petition. (Order, ECF No. 130; Additional Attachments, ECF No. 132.) The motion was filed timely. *See* 28 U.S.C. 2255(f) (providing in pertinent part that "[a] 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of – (1) the date on which the judgment of conviction becomes final."); Sup. Ct. R. 13 (unless otherwise provided by law, a certiorari petition must be filed within 90 days after entry of judgment); *Jiminez v. Quarterman*, 555 U.S. 113, 119 (2009) (noting that if a federal prisoner does not seek direct review in the Supreme Court, the conviction is final when "'the time for filing a certiorari petition expires'") (quoting *Clay v. United States*, 537 U.S. 522, 527 (2003)).

A collateral challenge is not a substitute for an appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Berthoff*, 308 F.3d at 127-28. Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010). The First Circuit has recognized that "federal courts have the authority to consider procedural default *sua sponte*." *Rosenthal v. O'Brien,* 713 F.3d 676, 683 (1st Cir. 2013) (citing *Brewer v. Marshall,* 119 F.3d 993, 999 (1st Cir. 1997)); *see also Daniels v. United States*, 532 U.S. 374, 382-83 (2001) (recognizing that "procedural default rules developed in the habeas corpus context apply in § 2255 cases") (citing *Frady*, 456 U.S. at 167-68).

An allegation of ineffective assistance of counsel can excuse a procedural default if the petitioner demonstrates that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The petitioner must also demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Id.* at 697.

"[I]ssues disposed of in a prior appeal will not be reviewed again by way of a 28 U.S.C. § 2255 motion." *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994) (quotation marks omitted); *Elwell v. United States*, 95 F.3d 1146 (1st Cir. 1996 (unpublished) (citing *Davis v. United States*, 417 U.S. 333, 342 (1974)) (holding that a petitioner "is not entitled on collateral review to relitigate issues raised on direct appeal, absent an intervening change in the law").

If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002) (per curiam).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)).

### B. Claims and Analysis

Petitioner alleges counsel provided ineffective assistance because counsel failed to challenge the 28-grams-or-more drug quantity set forth in the prosecution version; Petitioner essentially asserts that counsel should not have advised him to admit the prosecution version drug quantity. (Motion at 15.) In his supplemental pro se brief on appeal, Petitioner stated: "[D]efendant told lawyer to bring up weight being changed, as defendant talked about at [the] withdraw[al] of counsel [hearing]."

(Attachment, ECF No. 139-1 at 18.)  As noted, Petitioner's section 2255 ineffective assistance claims are based in part on underlying arguments he raised unsuccessfully in his supplemental pro se brief on appeal.[7] *Thompson*, 851 F.3d at 130 n.2 (noting Petitioner had filed a supplemental pro se brief, concluding the claims raised in it lacked merit, and declining to address individually any of the claims raised in the supplemental pro se brief).

Petitioner is foreclosed from re-litigating the underlying drug quantity issue. *See Singleton*, 26 F.3d at 240.  Petitioner's ineffective assistance claim therefore also fails. *See Tse*, 290 F.3d at 465.  Furthermore, because the prosecution version drug quantity of 28 or more grams did not increase the sentence, Petitioner cannot demonstrate prejudice. (Statement of Reasons, ECF No. 107 at 5.)  *See Strickland*, 466 U.S. at 691-94.

Petitioner alleges counsel provided ineffective assistance because counsel failed adequately to explain the minimum and maximum penalties to him. (Motion, ECF No. 128 at 15-16.)  As part of his ineffective assistance claim, Petitioner contends his prior offense did not qualify as a "felony drug offense" under 21 U.S.C. § 841. (*Id.*)  Petitioner's section 2255 claim that under the Fair Sentencing Act he was subject to a maximum term

---

[7] By order entered on December 16, 2014, the First Circuit permitted Petitioner an extension of time to file a supplemental pro se brief on appeal; Petitioner's filing was docketed in the First Circuit at *United States v. Thompson*, No. 13-1822, on January 5, 2015. The Government filed a copy of Petitioner's supplemental pro se brief on appeal as an attachment to the Government's response to Petitioner's section 2255 motion. (Attachment, ECF No. 139-1.)

A review of the First Circuit docket sheet reveals that on September 22, 2015, and again on November 25, 2015, the Court noted Petitioner had filed the one supplemental pro se brief the Court previously permitted him to file, and it declined to consider an additional pro se brief that Petitioner had filed on September 4, 2015. The Government included Petitioner's September 4, 2015, filing as an attachment to the Government's section 2255 response. (Attachment, ECF No. 139-2.) Nonetheless, to the extent the Court may conclude the filing was part of the record on appeal, Petitioner's pro se arguments set forth in his September 4, 2015, appellate filing lack merit and would not alter the result in this recommended decision.

9

of 20 years, rather than 30 years, is evidently based on his argument that his prior offense did not qualify for an enhanced penalty under section 841.[8]

Petitioner concedes he admitted he had a prior felony drug conviction as alleged in the information, but he contends he did not concede the legal argument that the prior conviction increased the statutory penalty under 21 U.S.C. § 841: "Thompson stipulated to the conviction itself but never stipulated to it being a 'felony drug offense' under federal law." (Motion at 27.) Petitioner claims ineffective assistance based on the failure to challenge the prior drug offense, for purposes of both the statutory enhancement under section 841 and the career offender designation. (Motion at 17.)

Petitioner unsuccessfully raised the underlying statutory and career offender penalty issues in his supplemental brief on appeal.[9] (Attachment, ECF No. 139-1 at 2, 4, 9-10.)

---

[8] Under 21 U.S.C. § 841(b)(1)(C), the maximum term is 20 years unless the defendant committed the offense after a prior felony drug offense, in which case it is 30 years.

[9] In Petitioner's section 2255 motion, he discusses *United States v. Mulkern*, 854 F.3d 87 (1st Cir. 2017). In *Mulkern*, the First Circuit concluded the appellant's prior Maine conviction of possession of heroin, 17-A M.R.S. § 1103, did not qualify as a "serious drug offense" for purposes of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1): "[W]e simply cannot rule "that the typical conduct reached by [the state] statute inherently involves an intent to . . . distribute," as required under section 924(e)(2)(A)(ii). *Mulkern*, 854 F.3d at 97 (quoting *United States v. Brandon*, 247 F.3d 186, 193 (4th Cir. 2001)). *Mulkern* involved the definition of "serious drug offense" under the ACCA, rather than the broader definition of "felony drug offense" under 21 U.S.C. §§ 802(44), 841; *Mulkern* therefore does not apply to Petitioner's claim under section 841. *See United States v. Garrett*, 292 F. App'x 3, 7 (11th Cir. 2008) (per curiam) (concluding a state court drug possession conviction was a felony drug offense under section 802(44), because "felony drug offenses are not limited to distribution-only crimes"); *United States v. Curry*, 404 F.3d 316, 318 (5th Cir. 2005) (per curiam) (noting the Fifth Circuit had adopted the Eleventh Circuit's reasoning "in holding that 'felony drug offense' as defined by § 802(44) can include drug crimes requiring proof of only 'mere possession'").

Nonetheless, Petitioner evidently contends that *Mulkern* applies, that it represents an intervening change in the law as to his career offender claim, and that it falls within an exception to the general rule that issues addressed on appeal may not be re-litigated on collateral review. (*Id.*) *See Davis v. United States*, 417 U.S. 333, 342 (1974); *Elwell v. United States*, 95 F.3d 1146 (1st Cir. 1996); *Singleton v. United States*, 26 F.3d 233, 240 (1st Cir. 1994).

Petitioner argued in his supplemental brief on appeal that the Court misinformed him in the plea hearing of the applicable statutory penalties. (Attachment, ECF No. 139-1 at 8-9.) Because Petitioner raised the argument on appeal and the First Circuit decided the issue on

---

Although the First Circuit evidently has not yet decided the standard by which a court determines when a change in law affecting the application of the sentencing guidelines warrants § 2255 relief, the Eleventh Circuit has addressed the issue:

> An intervening change of law can provide a basis for relief under § 2255 if the change in law has a constitutional dimension or if it involves a change in the interpretation of a law of the United States. In light of the Supreme Court's decision in [*Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017)], the supposed intervening change of law relied on by Brown presents, at most, a change as to the interpretation of a law that would render the application of the Guidelines by the district court incorrect, but a misapplication of advisory sentencing guidelines is not reviewable under § 2255.
>
> Where an intervening change of law involves the interpretation of a law of the United States, the intervening change in law only provides a basis for relief on collateral review if not applying the change constitutes a "fundamental defect which inherently results in a complete miscarriage of justice." *Davis*, [417 U.S. at 346] (citation omitted). An error at sentencing rises to the level of a fundamental defect and results in a complete miscarriage of justice if the prisoner is either actually innocent of his crime or a prior conviction used to enhance his sentence has been vacated. Conversely, a misapplication of the Guidelines does not constitute a fundamental defect or result in a complete miscarriage of justice and the erroneous application of a Guideline provision will not serve as a basis for relief in a collateral proceeding under § 2255.

*Brown v. United States*, 688 F. App'x 644, 651 (11th Cir. 2017) (citations and quotation marks omitted); *see also United States v. Marrero*, Nos. 2:09-cr-00208-DWA, 2:16-cv-00034-DWA, 2017 WL 6557475, at *2, 2017 U.S. Dist. Lexis 211364, at *3-5 (W.D. Pa. Dec. 22, 2017) (quoting *Brown*).

Absent First Circuit authority to the contrary, it is reasonable to conclude, based on the Eleventh Circuit's reasoning in *Brown*, that even if the First Circuit's decision in *Mulkern* and in a more recent case, *United States v. Mohamed*, 920 F.3d 94 (1st Cir. 2019) (noting the record established the appellant's conviction under 17-A M.R.S. § 1103 "rested on intentional distribution, to which he pled," for purposes of a "controlled substance offense" under USSG 2K2.1), represented a change in the law after the First Circuit decided Petitioner's appeal, neither *Mulkern* nor *Mohamed* warrants section 2255 relief.

Furthermore, this Court need not determine whether counsel provided ineffective assistance based on the failure to anticipate *Mulkern* or *Mohamed*, because an attorney's failure to anticipate a change in the law does not constitute deficient performance or cause prejudice. *See United States v. Fields*, 565 F.3d 290, 296 (5th Cir. 2009) (noting that "counsel need not anticipate changes in the law or raise meritless objections"); *Geter v. United States*, 534 F. App'x 831, 836 (11th Cir. 2013) (per curiam) ("It is well-settled that an attorney's failure to anticipate a change in the law will not support a claim of ineffective assistance of appellate counsel.").

the merits, the claim may not be re-litigated on collateral review.[10] *See Singleton*, 26 F.3d at 240. Petitioner's related claim of ineffective assistance therefore also fails.[11] *See Tse*, 290 F.3d at 465.

Petitioner also alleges counsel provided ineffective assistance because counsel failed to argue the Court lacked subject matter jurisdiction over the arson charge; Petitioner contends there was no interstate commerce nexus. (Motion at 16.) Petitioner's jurisdictional argument is procedurally defaulted, as the First Circuit determined that the September 4, 2015, appellate filing in which Petitioner evidently first raised the argument, would not be considered by the Court on direct review. *See Berthoff*, 308 F.3d at 127-28. Furthermore, the jurisdictional claim lacks merit. *See United States v. Guzman*, 603 F.3d 99, 109 (1st Cir. 2010) ("The rule in this circuit is 'that rental property is per se

---

[10] Petitioner argued in his supplemental brief on appeal that the maximum was 40 years, evidently under section 841(b)(1)(B), i.e., under the drug quantity applicable under section 841(b)(1)(B) with no prior felony drug offense. (Attachment, ECF No. 139-1 at 8.) That Petitioner's section 2255 motion differs from his pro se argument on appeal as to the length of the maximum term does not alter the procedural fact that the First Circuit decided the issue−whether Petitioner was informed, prior to his plea, of the applicable statutory penalty−on the merits. *See Thompson*, 851 F.3d at 130 & n.2.

Rule 11 of the Federal Rules of Criminal Procedure requires the Court to "inform the defendant of, and determine that the defendant understands," both the "mandatory minimum penalty" and the "maximum possible penalty," *see* Fed. R. Crim. P. 11(b)(1)(H), (I). The First Circuit has concluded "§ 2255 relief is not available to remedy 'a failure to comply with the formal requirements of a rule of criminal procedure,' absent any evidence of prejudice or other injury to the defendant." *United States v. Sevilla-Oyola*, 770 F.3d 1, 12 (1st Cir. 2014) (quoting *Davis*, 417 U.S. at 346 (quotation marks and citation omitted)). "In particular, a defendant will 'rarely, if ever, be able to obtain relief for Rule 11 violations under § 2255,' *United States v. Borrero-Acevedo*, 533 F.3d 11, 17 (1st Cir. 2008) [quotation marks and citation omitted], because such errors seldom result in the type of 'complete miscarriage of justice' or proceeding 'inconsistent with the rudimentary demands of fair procedure' that deserves redress under the statute, *see* [*United States v. Timmreck*, 441 U.S. 780, 784 (1979)]." *Sevilla-Oyola*, 770 F.3d at 12.

[11] *See Tinajero-Ortiz v. United States*, 635 F.3d 1100, 1105 (8th Cir. 2011) (concluding the petitioner failed to prove *Strickland* prejudice for counsel's alleged failure to inform him of the statutory sentencing range, given the court and the government informed him).

sufficiently connected to interstate commerce to confer federal jurisdiction under [18 U.S.C. §] 844(i).'") (quoting *United States v. DiSanto*, 86 F.3d 1238, 1248 (1st Cir. 1996)).[12] Because the underlying jurisdictional argument lacks merit, Petitioner cannot demonstrate either deficient performance by counsel or prejudice. *See Tse*, 290 F.3d at 465.

Petitioner contends his Massachusetts prior offense of assault and battery with a dangerous weapon should not have qualified as a career offender predicate offense. (Motion at 10; Reply, ECF No. 151 at 10.) The First Circuit decided on appeal that the issue was governed by *Beckles*, and that Petitioner had no *Johnson* claim. *Thompson*, 851 F.3d at 131. Petitioner has presented no basis to warrant a re-litigation of the issue on collateral review. *See Singleton*, 26 F.3d at 240. Because the underlying argument fails, Petitioner's related ineffective assistance claim also fails. *See Tse*, 290 F.3d at 465.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

---

[12] The arson charge related to a fire at an apartment building Petitioner did not own, in which building Petitioner's girlfriend was a tenant.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 12th day of June, 2019.