# UNITED STATES DISTRICT COURT

# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> ) <br> v. ) <br> ) <br> TREZJUAN THOMPSON, ) <br> ) <br> DEFENDANT/PETITIONER ) | CRIMINAL NO. 2:10-CR-200-DBH |

## ORDER AFFIRMING RECOMMENDED DECISION
## OF THE MAGISTRATE JUDGE

On June 12, 2019, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision on the defendant/petitioner Trezjuan Thompson's 28 U.S.C. § 2255 Motion. Recommended Dec. (ECF No. 156). At Thompson's request, the time within which to file objections was extended to July 25, 2019, Order Granting Mot. to Extend Time (ECF No. 159), but he did not then file any objection. The Magistrate Judge notified the parties that failure to object would waive their right to *de novo* review and appeal. Recommended Dec. at 14. I therefore adopted the Recommended Decision of the Magistrate Judge on August 5, 2019, and denied the motion for habeas relief under 28 U.S.C. § 2255. Order Affirming Recommended Dec. (ECF No. 160).

But later, Thompson filed motions on December 2 and December 16, 2019, for an extension of time to respond to the Recommended Decision (ECF Nos. 161 & 163). I granted both motions (ECF Nos. 162 & 164). Thompson then filed his

objection to the Recommended Decision on December 20, 2019 (ECF No. 165). As a result, I now **VACATE** my Order of August 5, 2019 (ECF No. 160), and I reconsider the Magistrate Judge's Recommended Decision in light of Thompson's objection and the government's response.

With those new filings, I have once again reviewed and considered the Recommended Decision, together with the entire record, and I have made a *de novo* determination of all matters adjudicated by the Recommended Decision. I concur with the recommendations of the United States Magistrate Judge for the reasons set forth in the Recommended Decision, and I determine that no further proceeding is necessary.

The Recommended Decision does not address the First Step Act, an issue Thompson did not raise in his original motion (the Act was not then in effect) and mentioned only briefly in his reply brief (after it did go into effect). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5249 (2018) (statute approved Dec. 21, 2018); Reply to Resp. to Mot. at 13 (ECF No. 151) (filed Jan. 28, 2019). I therefore address it now. The First Step Act does not entitle Thompson to a reduced sentence. The Act does not change the Federal Sentencing Guidelines' definition of a "career offender," pursuant to which Thompson was sentenced. See USSG § 4B1.1(a) (defining a "career offender" as a defendant who, among other things, has at least two prior felony convictions of a "crime of violence" or a "controlled substance offense"). Instead, the Act adds definitions for the terms "serious drug felony" and "serious violent felony" in 21 U.S.C. § 802. See First Step Act of 2018, Pub. L. No. 115-391, Tit. IV § 401,

132 Stat. 5194, 5220 (2018).  These definitions come into play with 21 U.S.C. § 841(b)(1)(B), which imposes a higher minimum and maximum sentence if the defendant was previously convicted of a serious drug or violent felony.  Even if Thompson were correct that, under the First Step Act, his prior convictions no longer qualify him for that higher sentencing range under § 841(b)(1)(B), his sentence of 327 months still fits within the lower range (5 years to 40 years) otherwise provided by that subsection.  Additionally, I used § 841(b)(1)(C) as an alternate basis for Thompson's sentence, and the penalty under that subsection does not hinge on whether he was previously convicted of a serious drug or violent felony.[1]  As a result, the First Step Act does not affect Thompson's sentence.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  The motion for habeas relief under 28 U.S.C. § 2255 is **DENIED** without an evidentiary hearing.

No certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases shall issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 7TH DAY OF JANUARY, 2020**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

[1] The § 841(b)(1)(C) maximum penalty is 30 years (360 months) because the government filed a § 851 information of a previous conviction for unlawful trafficking, which Thompson affirmed at sentencing.